```
GRIMM VRANJES McCORMICK & GRAHAM LLP
EUGENE P. KENNY, ESQ. / SBN: 105889
KATHLEEN McCORMICK, ESQ. / SBN: 95765
550 West C Street, Suite 1100
San Diego, CA 92101
TEL: (619) 231-8802
FAX: (619) 233-6039
EMAIL: gkenny@gvmglaw.com
        kmccormick@gvmglaw.com
```

Attorneys for Defendants KAZ USA, INCORPORATED and KAZ INCORPORATED

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY BECK-ELLMAN, JOHN AND DENISE BIELIS, and JOHN AND SANDY MAHOY, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KAZ USA INCORPORATED; and KAZ INCORPORATED, <br><br> Defendants. | CASE NO: 10CV2134H (POR) <br><br> **ANSWER TO PLAINTIFFS' COMPLAINT ON BEHALF OF DEFENDANTS KAZ USA, INCORPORATED and KAZ INCORPORATED** <br><br> **(DEMAND FOR JURY TRIAL)** <br><br> **CLASS ACTION CASE** <br><br> Complaint Filed:   10/13/2010 <br> Trial Date:         Not Assigned |

COMES NOW defendants KAZ USA, INCORPORATED and KAZ INCORPORATED (hereinafter "Defendants') and answers plaintiffs' Class Action Complaint as follows:

Defendants admit the following numbered paragraphs: 20, 21, 22, 76, 87, 88, 114, 115, 129, 180 and 181.

Defendant deny the following numbered paragraphs: 3, 4, 7, 8, 9, 12, 13, 14, 15, 27, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 41, 42, 43, 44, 46, 47, 48, 49, 50, 54, 56, 57, 58, 59, 60, 61, 62, 64, 66, 67, 68, 69, 70, 71, 72, 73, 77, 78, 79, 80, 81, 82, 83, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 104, 106, 107, 109, 110, 111, 119, 121, 122, 125, 127, 131, 133, 135, 137, 138, 139, 140, 145, 146, 147, 148, 149, 150, 152, 156, 157, 158, 159, 162, 165, 166, 167, 171, 173, 174, 175,

176, 177, 184, 186 and 187.

Defendants lack sufficient information and belief to either admit or deny the following numbered paragraphs and therefore deny them on that basis: 1, 2, 5, 6, 16, 17, 18, 19, 23, 24, 25, 28, 40, 65, 75, 85, 86, 89, 90, 103, 105, 108, 116, 117, 118, 120, 123, 124, 128, 130, 132, 134, 142, 143, 144, 153, 154, 155, 163, 164, 170, 182 and 185.

In answering paragraph 10, defendants admit advising users to read the safety instructions prior to using heating pads to reduce the risk of burns, electric shock and fire. Otherwise, defendants deny the balance of the allegations in paragraph 10.

In answering paragraph 11, defendants admit the heating pad is warranted against defective materials or workmanship for specified durations. Otherwise, defendants deny the balance of the allegations in paragraph 11.

In answering paragraph 26, defendants admit they warranted heating pads against defective materials and workmanship for specified durations depending on the model. Otherwise, defendants deny the balance of the allegations in paragraph 26.

In answering paragraph 45, defendant KAZ INCORPORATED admits it is a named defendant in *Snyder v. Kaz Inc.*; *Conway v Kaz Incorporated*; and *Moore v. Kaz, Inc.* Otherwise, based on information and belief, defendants deny the balance of the allegations in paragraph 45.

In answering paragraph 55, defendants admit the alleged heating pads are sold throughout the United States. Otherwise, defendants deny the balance of the allegations in paragraph 55.

Paragraphs 51, 52 and 53 do not state a claim for relief. Defendants, therefore, cannot admit or deny paragraphs 51, 52 and 53.

In answering paragraph 63, defendants incorporate by reference as though fully set forth herein their response to paragraphs 1 through 62 of the Complaint.

In answering paragraph 74, defendants incorporate by reference as though fully set forth herein their response to paragraphs 1 through 73 of the Complaint.

In answering paragraph 84, defendants incorporate by reference as though fully set forth herein their response to paragraphs 1 through 83 of the Complaint.

In answering paragraph 102, defendants incorporate by reference as though fully set forth

herein their response to paragraphs 1 through 101 of the Complaint.

In answering paragraph 112, defendants incorporate by reference as though fully set forth herein their response to paragraphs 1 through 111 of the Complaint.

In answering paragraph 126, defendants incorporate by reference as though fully set forth herein their response to paragraphs 1 through 125 of the Complaint.

In answering paragraph 136, defendants incorporate by reference as though fully set forth herein their response to paragraphs 1 through 135 of the Complaint.

In answering paragraph 141, defendants incorporate by reference as though fully set forth herein their response to paragraphs 1 through 140 of the Complaint.

In answering paragraph 151, defendants incorporate by reference as though fully set forth herein their response to paragraphs 1 through 150 of the Complaint.

In answering paragraph 160, defendants incorporate by reference as though fully set forth herein their response to paragraphs 1 through 159 of the Complaint.

In answering paragraph 168, defendants incorporate by reference as though fully set forth herein their response to paragraphs 1 through 167 of the Complaint.

In answering paragraph 178, defendants incorporate by reference as though fully set forth herein their response to paragraphs 1 through 177 of the Complaint.

In answering paragraph 113, defendants admit in California there is an implied warranty that goods are merchantable unless disclaimed.

Paragraph 91 does not state a claim for relief. Defendants, therefore, cannot admit or deny paragraph 91.

Paragraph 161 does not state a claim for relief. Defendants, therefore, cannot admit or deny paragraph 161.

Paragraph 169 does not state a claim for relief. Defendants, therefore, cannot admit or deny paragraph 169.

Paragraph 172 does not state a claim for relief. Defendants, therefore, cannot admit or deny paragraph 172.

Paragraph 179 does not state a claim for relief. Defendants, therefore, cannot admit or

deny paragraph 179.

Paragraph 183 does not state a claim for relief. Defendants, therefore, cannot admit or deny paragraph 183.

Defendants deny plaintiffs are entitled to any of the relief sought in the prayer for relief: Paragraphs 1 through 9.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Contributory Negligence)

As a first, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that at all times and places alleged in plaintiffs' Complaint, plaintiffs failed to exercise ordinary and reasonable care on their own behalf, and negligently and carelessly were the proximate cause of some portion, up to and including the whole thereof, of their own alleged injuries and damages, if any, and their recovery therefore should be barred or reduced according to law, up to and including the whole thereof.

### Second Affirmative Defense

### (Other Party or Parties)

As a second, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that if these responding defendants are subject to any liability to plaintiffs herein, it will be due in whole or in part to the conduct, acts, and/or omissions, and/or activities of a party or parties unknown to these responding defendants at this time, and any recovery obtained by said plaintiffs should be barred and/or reduced according to law, up to and including the whole thereof.

### Third Affirmative Defense

### (Failure to Mitigate)

As a third, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that plaintiffs have failed to mitigate some or all of their alleged damages in this case.

///

### Fourth Affirmative Defense

### (Unclean Hands)

As a fourth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that the claims of plaintiffs are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

### (Other Defendants or Cross-Defendants/Comparative Fault, Fair Responsibility Act)

As a fifth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that if these responding defendants are subject to any liability to plaintiffs herein, it will be due in whole or in part to the acts and/or omissions of other defendants and/or cross-defendants in this case, and any recovery obtained by said plaintiffs should be barred and/or reduced according to law, up to and including the whole thereof, under both the doctrine of comparative fault and the Fair Responsibility Act of 1986.

### Sixth Affirmative Defense

### (Statute of Limitations - State of California)

As a sixth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that plaintiffs' Complaint, and each cause of action alleged therein, is barred by the applicable statute of limitations under the laws of the State of California.

### Seventh Affirmative Defense

### (Statute of Limitations - State of Michigan)

As a seventh, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that plaintiffs' Complaint, and each cause of action alleged therein, is barred by the applicable statute of limitations under the laws of the State of Michigan.

### Eighth Affirmative Defense

### (Statute of Limitations - State of Pennsylvania)

As an eighth, separate, and distinct affirmative defense, these responding defendants are

informed and believe and thereon allege that plaintiffs' Complaint, and each cause of action alleged therein, is barred by the applicable statute of limitations under the laws of the State of Pennsylvania.

### Ninth Affirmative Defense

**(Statute of Limitations - Federal Law)**

As a ninth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that plaintiffs' Complaint, and each cause of action alleged therein, is barred by the applicable statute of limitations under the Federal laws.

### Tenth Affirmative Defense

**(Fails to State a Claim - State of California)**

As a tenth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that the Complaint, and each and every cause of action or purported cause of action contained therein, fails to state a claim upon which relief can be granted under the laws of the State of California.

### Eleventh Affirmative Defense

**(Fails to State a Claim - State of Michigan)**

As an eleventh, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that the Complaint, and each and every cause of action or purported cause of action contained therein, fails to state a claim upon which relief can be granted under the laws of the State of Michigan.

### Twelfth Affirmative Defense

**(Fails to State a Claim - State of Pennsylvania)**

As a twelfth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that the Complaint, and each and every cause of action or purported cause of action contained therein, fails to state a claim upon which relief can be granted under the laws of the State of Pennsylvania.

///

///

### Thirteenth Affirmative Defense

### (Fails to State a Claim - Federal Law)

As a thirteenth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that the Complaint, and each and every cause of action or purported cause of action contained therein, fails to state a claim upon which relief can be granted under the Federal laws.

### Fourteenth Affirmative Defense

### (Failure to Provide Notice - California Consumer Legal Remedies Act)

As a fourteenth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that plaintiff failed to provide notice as required by the California Consumer Legal Remedies Act.

### Fifteenth Affirmative Defense

### (Failure to Provide Notice - Magnuson Moss Warranty Act)

As a fifteenth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that plaintiff failed to provide notice as required by the Magnuson Moss Warranty Act.

### Sixteenth Affirmative Defense

### (Failure to Provide Notice - Michigan Consumer Protection Act)

As a sixteenth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that plaintiff failed to provide notice as required by the Michigan Consumer Protection Act (M.C.L.A. 445.901, *et seq*)

### Seventeenth Affirmative Defense

### (Failure to Provide Notice - Pennsylvania Unfair Trade Practices and Consumer Protection Law)

As a seventeenth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that plaintiff failed to provide notice as required by the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 PA Const. St. 201-1, *et seq*).

### Eighteenth Affirmative Defense

**(Lacks Subject Matter Jurisdiction - Magnuson Moss Warranty Act)**

As an eighteenth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that plaintiffs' Complaint fails for lack of subject matter jurisdiction under the Magnuson Moss Warranty Act (15 U.S.C. 2301).

### Nineteenth Affirmative Defense

**(Requisite Amount in Controversy - Magnuson Moss Warranty Act)**

As a nineteenth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that plaintiffs' Complaint fails to allege a requisite amount in controversy required by the Magnuson Moss Warranty Act (15 U.S.C. 2301).

### Twentieth Affirmative Defense

**(Requisite Number of Named Plaintiffs - Magnuson Moss Warranty Act)**

As a twentieth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that plaintiffs' Complaint fails to name a requisite number of named plaintiffs required by the Magnuson Moss Warranty Act (15 U.S.C. 2301).

### Twenty-First Affirmative Defense

**(Limited to Terms of Express Warranty)**

As a twenty-first, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that plaintiffs' claims for damages are limited to the terms of the express warranty.

### Twenty-Second Affirmative Defense

**(Barred for Failure to Follow Terms of Express Warranty)**

As a twenty-second, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that plaintiffs' claims are barred by the failure to follow the terms of the express warranty.

### Twenty-Third Affirmative Defense

**(Claims for Express Warranty have Expired)**

As a twenty-third, separate, and distinct affirmative defense, these responding defendants

are informed and believe and thereon allege that plaintiffs' claims for express warranty have expired pursuant to the terms of the express warranty.

### Twenty-Fourth Affirmative Defense

### (Failure to Give Adequate/Timely Notice of Alleged Breaches in Warranty)

As a twenty-fourth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that the Complaint and each cause of action or purported cause of action stated therein fails to give timely and adequate notice of alleged breaches of warranty and that there was delay in giving notice of a breach within a reasonable time of discovery of the breach of warranty or when the plaintiffs should have discovered the breach of warranty.

### Twenty-Fifth Affirmative Defense

### (Misuse of Product Bars Recovery)

As a twenty-fifth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that the injuries and damages sustained by plaintiffs, if any, were proximately caused and contributed to by the misuse by plaintiffs of each and every component and product referred to in the Complaint, which misuse is imputed to plaintiffs and bars recovery herein.

### Twenty-Sixth Affirmative Defense

### (Product Modified Subsequent to Manufacture)

As a twenty-sixth, separate, and distinct affirmative defense, these responding defendants are informed and believe and thereon allege that subsequent to the alleged manufacture and sale of the product, if any, as alleged in the Complaint herein, said product was modified and altered by persons and entities other than these answering defendants, which modification and alterations substantially changed said product and the defect alleged by plaintiffs herein, if any, resulted solely from said modification and alteration and not from any act or omission of these answering defendants, and was the sole and proximate cause of the injuries and damages sustained by plaintiffs, if any, as alleged in the Complaint herein, and that the aforesaid conduct of others constitutes superseding, intervening causes of damages allegedly sustained by plaintiffs, and

1 | precludes recovery by plaintiffs herein against these responding defendants.

2 | WHEREFORE, these answering defendants pray for judgment as follows:

3 | 1. That plaintiffs take nothing by their action;

4 | 2. That these answering defendants be awarded their attorneys' fees and costs

5 | of suit incurred herein;

6 | 3. For a declaration of rights in favor of these answering defendants; and

7 | 4. For such other and further relief as the court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure, Rule 38, demand is hereby made for a jury trial.

Dated: November 16, 2010

GRIMM, VRANJES,
McCORMICK & GRAHAM, LLP

BY: /s/ Kathleen McCormick
Eugene P. Kenny
Kathleen McCormick
Defendants KAZ USA, INCORPORATED
and KAZ INCORPORATED

S:\Cases\1091204\pld\ans 01.wpd