1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   BEVERLY BECK-ELLMAN, JOHN              CASE NO.:  3:10-cv-02134-H-DHB
     AND DENISE BIELIS, and JOHN AND            **CLASS ACTION CASE**
12   SANDY MAHOY, individually and on
     behalf of all others similarly situated,   **[PROPOSED] ORDER GRANTING
13                                               JOINT MOTION TO AMEND
                  PLAINTIFFS,                    SCHEDULING ORDER**
14
        vs.
15
     KAZ USA INCORPORATED, and KAZ
16   INCORPORATED,
                                                 Complaint Filed:   10/13/2010
17               DEFENDANTS                      Trial Date:        01/08/2013

18

19        On May 21, 2012, the parties filed a Joint Motion to Amend the

20   Scheduling Order.  The parties request a further extension of time based on a

21   showing of good cause, the Court finds good cause to GRANT the parties' Joint

22   Motion.  Accordingly,

23        **IT IS HEREBY ORDERED**:

24        1.    The parties shall designate their experts as relates to all issues

25   except damages in writing and provide reports in compliance with in Rule

26   26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure by **May 25, 2012**.

27   The parties must identify <u>any</u> person who may be used at trial to present evidence

28                                        1

1    pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is <u>not</u>

2    limited to retained experts. The disclosure requirement applies to all persons

3    retained or specially employed to provide expert testimony, or whose duties as an

4    employee of the party regularly involve the giving of expert testimony.

5         2.     The parties shall exchange rebuttal experts as relates to all issues

6    except damages and supplement their reports regarding contradictory or rebuttal

7    evidence under Rule 26(a)(2)(c) on or before **June 29, 2012**. The written

8    designations shall include the name, address and telephone number of the expert

9    and a reasonable summary of the testimony the expert is expected to provide.

10   The list shall also include the normal rates the expert charges for deposition and

11   trial testimony.

12        3.     All discovery, except damages discovery, shall be completed on or

13   before **July 18, 2012**.  "Completed" means that all discovery under Federal

14   Rules of Civil Procedure 30-36 must be initiated a sufficient period of time in

15   advance of the cut-off date, <u>so that it may be completed</u> by the cut-off date,

16   taking into account the times for service, notice, and response as set forth in the

17   Federal Rules of Civil Procedure. The Court approves up to fifteen depositions

18   without further Court order.  All disputes concerning discovery shall be brought

19   to the attention of this Court no later than thirty days following the date upon

20   which the event giving rise to the discovery dispute occurred. Counsel shall meet

21   and confer pursuant to the requirements of Federal Rule of Civil Procedure 26

22   and Local Rule 26.1(a) before contacting the Court regarding discovery disputes.

23        4.     Plaintiffs' Class Certification Motion shall be filed on or before

24   **July 20, 2012, and their Class Certification Brief shall not be in excess of 30**

25   **pages**.

26   **

27   **

28

2

5.      Defendants' opposition to Plaintiffs' Motion for Class Certification shall be filed on August 17, 2012, and their Brief in Opposition To Motion for Class Certification shall not exceed 35 pages.

6.      Plaintiffs' Reply Brief In Support of Class Certification shall be filed on September 14, 2012, and not exceed 35 pages.

7.      The parties shall designate their respective <u>damages</u> experts in writing **by October 12, 2012**. The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is <u>not</u> limited to retained experts.

8.      On or before **October 12, 2012**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure as relates to all <u>damages</u> experts.  This disclosure requirement applies to all persons retained or specially

employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

9.      The date for exchange of <u>damages</u> rebuttal experts shall be on or before **October 26, 2012**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

10.     Any party shall supplement its disclosure regarding contradictory or rebuttal evidence from <u>damages</u> experts under Rule 26(a)(2)(c) on or before **October 26, 2012**.

11.     Discovery as relates to damages shall be completed on or before **November 23, 2012**. "*Completed*" means that all discovery under Federal Rules of Civil Procedure 30-36 must be initiated a sufficient period of time in advance of the cut-off date<u>, so that it may be completed</u> by the cut-off date, taking into

3

**[PROPOSED] ORDER GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER**                    Case No. 3:10-cv-02134-H-DHB

account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. The Court approves up to fifteen depositions without further Court order.  All disputes concerning discovery shall be brought to the attention of this Court no later than thirty days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the Court regarding discovery disputes.

12.    A Mandatory Settlement Conference shall be conducted on _____**, 2012**, at _____**a.m./p.m**., before the Honorable David H. Bartik. Counsel shall lodge confidential settlement statements, <u>directly</u> with the Judge's chambers on or before _____**, 2012**. The settlement statements should include a neutral factual statement of the case, identify controlling legal issues, and concisely set out issues of liability and damages, including any settlement demands and offers to date and addressing special and general damages where applicable.

All parties and claims adjusters for insured defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, *must be present* and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. All conference discussions will be informal, off the record, privileged and confidential.

Mandatory settlement conferences shall not be rescheduled without a showing of good cause and adequate notice to the Court. If counsel wish to reschedule this conference, they shall contact the Court at least 10 days prior to the conference. Absent exceptional circumstances, the Court will not reschedule this conference with less than 10 days notice. <u>Only in extreme circumstances will</u> <u>the Court reschedule a mandatory settlement conference with less than 24 hours</u>

4

1    notice.

2        13.    All motions, other than motions to amend or join parties, or motions

3    in limine, must be **HEARD** on or before _____, **2012**.

4    **PLEASE NOTE THIS CUTOFF DATE IS THE DATE IN WHICH YOUR**

5    **MOTIONS MUST BE HEARD BY AND NOT FILED BY**.

6        Motions will not be heard or calendared unless counsel for the

7    moving party has obtained a motion hearing date from the law clerk of the judge

8    who will hear the motion. Be advised that the parties must file their moving

9    papers on the same day that they receive their motion hearing date from the

10   Court. Be further advised that the period of time between the date you request a

11   motion date and the hearing date may be up to **two months**. Please plan

12   accordingly.

13       Briefs or memoranda in support of or in opposition to any pending

14   motion shall not exceed 25 pages in length without permission of the judge or

15   magistrate judge who will hear the motion. No reply memorandum shall exceed

16   10 pages without leave of the judge or magistrate judge who will hear the

17   motion.

18       14..   The parties shall file their Memoranda of Contentions of Fact and

19   Law in compliance with Local Rule 16.1(f)(2), (3) and (4) and serve a copy on

20   opposing counsel on or before _____, **2013**.

21       15. All parties or their counsel shall fully comply with the Pretrial

22   Disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before

23   _____, **2013**. *Failure to comply with these disclosures*

24   *requirements could result in evidence preclusion or other sanctions under*

25   *Federal Rule of Civil Procedure 37.*

26   **

27   **

28

5

16.   Counsel shall meet and confer regarding the preparation of the Pretrial Order, and take the action required by Local Rule 16.1(f)(5), on or before_____, **2013**.

17.   The final Pretrial Order, including objections any party has to any other parties' Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before _____, **2013**, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6). Counsel shall also bring a copy of the Pretrial Order for the Court to the Pretrial Conference.

18.   The Pretrial Conference shall be held before the <u>Honorable Marilyn L. Huff</u>, United States District Court Judge, on _____, **2013**, at _____ **a.m./p.m.**

20.   Trial shall commence before the <u>Honorable Marilyn L. Huff</u> on March 12_____, **2013** at _____**a.m./p.m.**

19..   The dates and times set forth herein will not be further modified except for good cause shown.

20.   Counsel for Plaintiff shall serve a copy of this order on any parties that enter this case hereafter.

DATED: _____, 2012

_____
DAVID H. BARTICK
U.S. Magistrate Judge

joint motion amend scheduling order (proposed order) (01140083-3).DOCX

6