UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY BECK-ELLMAN, JOHN AND DENISE BIELIS, and JOHN AND SANDY MAHOY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KAZ USA Incorporated, and KAZ Incorporated,<br><br>Defendants. | Civil No.   10-cv-2134-H (DHB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 38]** |

On May 24, 2012, the parties filed a Joint Motion to Amend the Scheduling Order. (ECF No. 38.) The parties request a further extension of time due to their agreement to participate in a private mediation of this case. The Court finds good cause to GRANT, in part and DENY, in part, the parties' Joint Motion. The Court Grants the parties' motion as is relates to the Class Certification Motion deadline, deadlines regarding damages experts, discovery cut-off, and the Mandatory Settlement Conference. The Court Denies the parties' motion as it relates to the Trial date, Pretrial Conference date, and related scheduling dates. Accordingly, IT IS HEREBY ORDERED:

1.  The parties shall designate their experts as relates to all issues except damages in writing and provide reports in compliance with in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure by **May 25, 2012**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The disclosure requirement applies to all persons retained or specially employed to

1  provide expert testimony, or whose duties as an employee of the party regularly involve the giving of
2  expert testimony.

3      2.  The parties shall exchange rebuttal experts as relates to all issues except damages and
4  supplement their reports regarding contradictory or rebuttal evidence under Rule 26(a)(2)(c) on or
5  before **June 29, 2012**.  The written designations shall include the name, address and telephone number
6  of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall
7  also include the normal rates the expert charges for deposition and trial testimony.  **Please be advised**
8  **that failure to comply with this section or any other discovery order of the court may result in the**
9  **sanctions provided for in Federal Rule of Civil Procedure 37 including a prohibition on the**
10 **introduction of experts or other designated matters in evidence.**

11     3.  All discovery, except damages discovery, shall be completed on or before **July 13, 2012**.
12 *"Completed"* means that all discovery under Federal Rules of Civil Procedure 30-36 must be initiated
13 a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date,
14 taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil
15 Procedure.  The Court approves up to fifteen depositions without further Court order.  All disputes
16 concerning discovery shall be brought to the attention of this Court no later than thirty days following
17 the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall meet and
18 confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before
19 contacting the Court regarding discovery disputes.

20     4.  Plaintiff's Class Certification Motion shall be filed on or before **July 20, 2012**.

21     5.  The parties shall designate their respective damages experts in writing by **October 12,**
22 **2012.**  The parties must identify any person who may be used at trial to present evidence pursuant to
23 Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.

24     6.  On or before **October 12, 2012**, each party shall comply with the disclosure provisions
25 in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure as relates to all damages experts.
26 This disclosure requirement applies to all persons retained or specially employed to provide expert
27 testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.
28

7. The date for exchange of <u>damages</u> rebuttal experts shall be on or before **October 26, 2012**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

8. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence from <u>damages</u> experts under Rule 26(a)(2)(c) on or before **October 26, 2012**.

9. Discovery as relates to <u>damages</u> shall be completed on or before **November 23, 2012.** *"Completed"* means that all discovery under Federal Rules of Civil Procedure 30-36 must be initiated a sufficient period of time in advance of the cut-off date, <u>so that it may be completed</u> by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. The Court approves up to fifteen depositions without further Court order. All disputes concerning discovery shall be brought to the attention of this Court no later than thirty days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the Court regarding discovery disputes.

10. A Mandatory Settlement Conference shall be conducted on **October 24, 2012**, at **10:00 a.m.**, before the Honorable David H. Bartick. Counsel shall lodge confidential settlement statements, <u>directly</u> with Judge Bartick's chambers on or before **October 19, 2012**. The settlement statements should include a neutral factual statement of the case, identify controlling legal issues, and concisely set out issues of liability and damages, including any settlement demands and offers to date and addressing special and general damages where applicable. The settlement statements shall not be filed with the Clerk of the Court and may be lodged with chambers via e-mail to: efile_Bartick@casd.uscourts.gov.

All parties and claims adjusters for insured defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, *must be present* and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. All conference discussions will be informal, off the record, privileged and confidential.

1    Mandatory settlement conferences shall not be rescheduled without a showing of good cause and
2 adequate notice to the Court. If counsel wish to reschedule this conference, they shall contact the Court
3 at least 10 days prior to the conference. Absent exceptional circumstances, the Court will not reschedule
4 this conference with less than 10 days notice. <u>Only in extreme circumstances will the Court reschedule
5 a mandatory settlement conference with less than 24 hours notice.</u>

6    11.    The Court confirms all other dates in the January 3, 2012 Amended Scheduling Order
7 (ECF No. 33).

8 DATED: May 25, 2012

```
_____
DAVID H. BARTICK
United States Magistrate Judge
```